**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SHAWN TYWAN SOLOMON, )<br>)<br>Defendant. ) | Case No. 03-CR-078-TCK<br>(06-CV-172-TCK-PJC) |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 68) filed by Defendant Shawn Tywan Solomon ("Defendant" or "Solomon"). The government filed a response (Dkt. # 74). Defendant did not file a reply. For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied.

*BACKGROUND*

In its published opinion affirming Defendant's conviction and sentence on direct appeal, the Tenth Circuit summarized the underlying facts as follows:

> On March 10, 2003, Officer Dianna Liedorff of the Tulsa Police Department noticed a black Lexus parked on the wrong side of the road, facing oncoming traffic. A female sat in the driver's seat. Shawn Tywan Solomon came out of a nearby house and entered the passenger side of the car, which then departed. Officer Liedorff followed the Lexus and, after several blocks, initiated a traffic stop because the Lexus was exceeding the posted speed limit. After stopping the Lexus, Officer Liedorff approached the passenger side of the vehicle where Solomon was seated. Solomon would not make eye contact, was breathing rapidly, and seemed "nervous."
>
> Officer Liedorff obtained the female's driver's license and returned to her patrol car. While in her patrol car, Officer Liedorff noticed that Solomon was repeatedly bending and moving inside the car. Using her speaker, she instructed both passengers to place their hands on the roof of the car. Although initially complying with Officer Liedorff's instructions, Solomon began dropping down his right hand out of sight. Officer Liedorff repeated her instructions three times, and each time Solomon again

dropped his hand. Concerned by Solomon's movements, Officer Liedorff called for backup, and Officer Jake Kelley arrived shortly thereafter.

Officers Liedorff and Kelley approached the passenger side of the car together and asked Solomon to step out. Solomon did not immediately comply, and so, concerned for her safety, Officer Liedorff placed handcuffs on Solomon while he remained seated in the car. Solomon was then helped from the car and patted down by Officer Kelley, who found a loaded semiautomatic handgun in Solomon's waistband and a piece of crack cocaine that fell from his pant leg. Officer Kelley also found $278 on Solomon's person spread out among three different pockets.

While Officer Kelley detained Solomon, Officer Liedorff escorted the driver of the Lexus to the patrol car for questioning. She asked the driver whether any of the drugs belonged to her, and the driver said "no." Officer Liedorff also asked whether there was any other contraband in the car, and the driver "indicated that there was a blue tin [in the car]." R.O.A., VI at 39. Officer Liedorff relayed this information to Officer Kelley, who in turn located the blue tin in the door pocket on the passenger side of the Lexus. Inside the blue tin was over four grams of crack cocaine and an Exacto knife. No other drug paraphernalia was found in the car or on Solomon's person.

United States v. Solomon, 399 F.3d 1231, 1235-36 (10th Cir. 2005).

As a result of those events, Defendant was charged with Possession of Cocaine Base with Intent to Distribute (Count 1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (Count 2), and Felon in Possession of a Firearm (Count 3). See Dkt. # 1. At the conclusion of a jury trial, held January 20-21, 2004, Defendant was found guilty as charged. See Dkt. # 47. On April 23, 2004, the trial court sentenced Defendant to 64 months imprisonment on Counts 1 and 3, to be served concurrently, and to 60 months imprisonment on Count 2, to be served consecutive to Counts 1 and 3, for a total term of 124 months imprisonment. See Dkt. # 54. He was also sentenced to 5 years supervised release on Count 2, and to 3 years supervised release on Counts 1 and 3, all to be served concurrently, for a total term of 5 years supervised release. Judgment (Dkt. # 55) was entered on May 4, 2004. Solomon was represented at trial and sentencing by retained counsel Kevin Adams.

Solomon appealed to the Tenth Circuit Court of Appeals. He continued to be represented by attorney Kevin Adams. On appeal, Busby raised three (3) grounds of error, as follows: (1) the admission of hearsay statements at trial violated his Sixth amendment right to confrontation; (2) the exclusion of certain photographs of injuries he received in an unrelated assault denied him the due process and compulsory process right to present a defense; and (3) the combination of the above-mentioned errors denied him a fundamentally fair trial. See Dkt. # 64. In a published opinion, entered March 1, 2005, the Tenth Circuit found no merit to Defendant's arguments and affirmed the trial court's Judgment. See Dkt. # 64; Solomon, 399 F.3d 1231. Defendant did not file a petition for writ of *certiorari* at the United States Supreme Court.

On March 17, 2006, Defendant, appearing *pro se*, filed the instant § 2255 motion (Dkt. # 68). He identifies one (1) ground of error as follows: (1) Counsel rendered ineffective assistance by failing to object to Officer Liedorff's testimony as a violation of his Sixth Amendment right to confrontation. See Dkt. # 68. On May 17, 2006, the government filed a response to the § 2255 motion, arguing that the ineffective assistance of counsel claim lacks merit.

## *ANALYSIS*

**A. Evidentiary hearing**

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

**B. Ineffective assistance of counsel claim lacks merit**

As his sole proposition of error, Defendant alleges his attorney provided ineffective assistance during trial. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. Id. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Counsel is not constitutionally ineffective for failing to raise issues devoid of merit. United States v. Cook, 45 F.3d 388, 393 (10th Cir. 1995).

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Defendant complains that his attorney provided ineffective assistance in failing to raise an objection under the Confrontation Clause to the testimony of Officer Liedorff concerning her

conversation with the driver of the car. Applying the <u>Strickland</u> standard, the Court finds that counsel did not perform deficiently at trial. Petitioner complains of the following exchange between the prosecutor and Officer Liedorff:

> Q: What specifically did you ask her?
>
> A: I asked her if any of the drugs were hers. She said no. I asked her if –
>
> Mr. Adams: Objection, Your Honor.
>
> The Court: Overruled. Go ahead.
>
> Q: (By Ms. Alam) What did you ask her specifically after that?
>
> A: I asked her if there was anything else of his in the vehicle. And she indicated that there was a blue tin.
>
> Mr. Adams: Your Honor, once again, we are objecting to anything the passenger said that the driver said as hearsay.
>
> The Court: Right for now, we'll just wait for it to be linked up later. Go ahead.
>
> Q: (By Ms. Alam) What did you do after you asked her about the blue – if the defendant had left anything in the car?
>
> A: She indicated about the blue tin.
>
> Q: I'm just asking what you did?
>
> A: I asked Officer Kelley to come back to me. I needed to tell him something.
>
> Q: And what did you tell him at that point?
>
> A: I asked him, I either asked him to look for a blue tin or I asked him if he had found a blue tin, but I specifically asked about a blue tin.
>
> Q: Did he find one?
>
> A: Yes.
>
> Q: And where was it?

> A: I believe it was in the front seat passenger door pocket.
>
> Q: Who would that tin have been closer to when they were both seated in the car?
>
> A: The passenger.

(Tr. Trans. Vol. I at 39-40). That exchange demonstrates that defense counsel objected to the testimony as inadmissible hearsay. The testimony was allowed over counsel's objection. In resolving Defendant's challenge to the trial court's admission of the statements as hearsay, the Tenth Circuit determined that the statements were inadmissible hearsay, see Solomon, 399 F.3d at 1237 (citing Fed. R. Evid. 801(c)). However, the Circuit applied a nonconstitutional error standard and concluded that in light of other evidence presented at trial, the erroneous admission of the statements was harmless. Id. at 1238.

At the time of Defendant's trial, in January of 2004, Supreme Court precedent provided that a criminal defendant's rights under the Confrontation Clause did not bar the admission of an unavailable witness's statements only if the statements bore "adequate indicia of reliability." Ohio v. Roberts, 448 U.S. 56, 66 (1980). That test was satisfied when the statement either fell within a "firmly rooted hearsay exception" or bore "particularized guarantees of trustworthiness." Id. On March 8, 2004, or approximately six (6) weeks after Defendant's trial, the Supreme Court issued its opinion in Crawford v. Washington, 541 U.S. 36 (2004). In Crawford, the Court held that testimonial out-of-court statements are inadmissible under the Confrontation Clause unless the declarant is shown to be unavailable and the defendant had an earlier opportunity to cross-examine the declarant, regardless of whether the statements are deemed reliable by the court. Id. at 67-68. As noted by the Tenth Circuit in resolving Defendant's direct appeal, Crawford represents a "fundamental shift in the Supreme Court's Confrontation Clause jurisprudence." Solomon, 399 F.3d

at 1237 & n.2. This Court declines to find deficient performance by counsel whose hearsay objection was overruled and who did not have the benefit of the Crawford decision at the time of trial. See Bullock v. Carver, 297 F.3d 1036, 1052 (10th Cir. 2002) (noting that clairvoyance is not a requirement for effective legal representation). Therefore, trial counsel did not perform deficiently in failing to raise a separate Confrontation Clause objection to the challenged testimony.

Furthermore, even if counsel performed deficiently, Defendant has failed to demonstrate that the outcome of his trial would have been different had defense counsel lodged a Confrontation Clause objection resulting in exclusion of the police officer's testimony. As noted above, the Tenth Circuit found that the erroneous admission of the hearsay testimony was harmless. Specifically, the Circuit determined that:

> [e]ven without the driver's statements, there was ample evidence tying Solomon to the blue tin: Solomon appeared nervous when pulled over; Officer Liedorff saw him dipping his hands as if he was hiding something; he continued to dip his hands even after Officer Liedorff instructed him three times to place them on the roof of the car; Officer Kelley found the blue tin in the passenger side door pocket closest to Solomon; and a piece of crack cocaine matching the contents of the blue tin fell from his pants. In addition, the jury heard evidence that Solomon was carrying a loaded handgun, had large sums of cash distributed among several pockets, and that no other drug paraphernalia was found in the car or on Solomon's person-all factors identified by the government's expert witness as indicia of drug distribution rather than drug use.
>
> Thus, because there was an abundance of evidence other than the driver's out-of-court statements from which a jury could have reached the conclusion that the blue tin belonged to Solomon, we find that the admission of the driver's statements into evidence was harmless

Solomon, 399 F.3d at 1238. Upon review of the evidence presented at trial, this Court finds that even if the challenged testimony were admitted in violation of the Confrontation Clause as a result of counsel's deficient performance in failing to object on that basis, the error did not result in a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Even without Officer Liedorff's testimony concerning her conversation with the driver, the evidence of Defendant's guilt was substantial. The Court concludes that Defendant cannot satisfy the prejudice prong of the Strickland standard and he is not entitled to relief under 28 U.S.C. § 2255 based on his claim of ineffective assistance of trial counsel.

## *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claim asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 68) is **denied**.

2. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 27th day of February, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE